UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv- 62187-WPD

**TONY SYFFRAD**, as Personal Representative
of the Estate of **BARRY GEDEUS**,

      Plaintiff,

vs.

**CITY OF FORT LAURDEDALE**, and
**ROBERT MORRIS**, in his individual capacity,

      Defendants.

_____/

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff **TONY SYFFRAD**, as Personal Representative of the Estate of

**BARRY GEDEUS**, deceased, ("Mr. Gedeus" or "Plaintiff") by and through undersigned counsel,

and hereby files this Complaint against the above-named Defendants, **CITY OF FORT**

**LAUDERDALE** ("City" or "Fort Lauderdale") and Officer **ROBERT MORRIS** ("Defendant"

or "Morris") (collectively "Defendants"), in his individual capacity, for causing the death of

**BARRY GEDEUS** on March 8, 2020, for which Plaintiff now seeks damages, and in support

thereof alleges as follows:

## INTRODUCTION

This civil action arises from an incident that occurred on or about March 8, 2020, when

Mr. Gedeus was viciously murdered during the course of an alleged foot pursuit. Defendant,

Officer Robert Morris, an employee of the Fort Lauderdale Police Department ("FLPD"), used

unreasonable deadly force in his pursuit of Mr. Gedeus. Mr. Gedeus now brings federal

constitutional claims and state tort claims for the deprivation of his protected rights by the Defendant, operating under the color of state law.

## PARTIES

1.      Plaintiff, Tony Syffrad, is the duly appointed Personal Representative of the Estate of Barry Gedeus, having been appointed Personal Representative by the Probate Division of the Circuit Court in and for Broward County, Florida, File No.: PRC 20-2131. This action is brought by Tony Syffrad, the uncle of Barry Gedeus, in his capacity as Personal Representative of the Estate of Barry Gedeus and on behalf of his survivors.

2.      Defendant, FORT LAUDERDALE, is a municipal subdivision of the State of Florida and is the legal entity responsible for itself.  This Defendant is also the employer of several other named Defendants and is the proper entity to be sued under 42 U.S.C. § 1983.

3.      Defendant, FORT LAUDERDALE, both exercised and delegated its municipal final decision-making power to the Director of FLPD and others.

4.      Defendant, FORT LAUDERDALE, is properly sued directly under 42 U.S.C. §1983 for its own and its delegated, deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complaint of constitutional and statutory violations and resulting injuries.

5.      Defendant, FORT LAUDERDALE, is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of any final delegated decision-makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

6.    Defendant, MORRIS, is, at all times material, a citizen of the United States, a resident of Broward County, Florida, an employee of FLPD, and is *sui juris*.

7.    Defendant was at all times material hereto, a "state actor" as defined in 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

8.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

9.    Additionally, this Honorable Court has supplemental jurisdiction of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions which give rise to this action occurred with this District.

11.    All conditions precedent, including, but not limited to, compliance with Florida Statutes § 768.28, have occurred, been satisfied or have been waived.

## FACTUAL ALLEGATIONS

12.    On March 8, 2020, at approximately 9:00 p.m., Defendant Morris was dispatched to 2402 NW 6th Court, Fort Lauderdale, Florida in response to a sexual battery call just taking place and as a result a "Be On the Look Out" ("BOLO") was issued.

13.    Defendant Morris, along with other FLPD officers and Broward County Sheriff's Office ("BSO") Sheriffs, arrived at the scene and began searching for individuals who fit the BOLO description: an unarmed, thirty – five (35) year-old Black male, wearing a black shirt, black pants, dreadlocks, with a black bicycle.

14.     As the Officers and Sheriffs surrounded the area, Mr. Gedeus, was in the area leisurely riding his bicycle on his way home.

15.     As Mr. Gedeus reached the intersection of NW 6th Place and NW 24th Avenue to make a right turn toward his house, almost simultaneously, Defendant Morris was making a left at the same intersection, thereby striking Mr. Gedeus with his patrol vehicle.

16.     The impact of the vehicle striking Mr. Gedeus and his bicycle shattered a portion of the windshield of the police cruiser driven by Defendant, Morris.

17.     Mr. Gedeus, in mortal fear of police officers and concerned about the aggressive posturing of Defendant Morris,  got up and in mortal fear rapidly moved away with his bicycle in hand. However, as Mr. Gedeus reached the back of Defendant Morris' patrol vehicle, near the trunk of his car, Defendant Morris ordered Mr. Gedeus to turn around and walk towards Defendant Morris.

18.     According to video surveillance, Defendant Morris violently grabbed Mr. Gedeus' bicycle, Mr. Gedeus, confused and afraid, dropped his bicycle and ran east on NW 6th Place, toward other FLPD Officers and BSO Sheriffs.

19.     According to video surveillance, Defendant Morris stumbled over Mr. Gedeus' bicycle, however, once Defendant Morris regained balance, he immediately chased after Mr. Gedeus.

20.     Upon information and belief, an FLPD Officer was driving west on NW 6th Place at the same time Mr. Gedeus ran east on NW 6th Place.

21.     Despite having a visual of the FLPD Officer's patrol vehicle as the FLPD Officer turned on his emergency lights, Defendant Morris discharged his firearm on Mr. Gedeus, who was unarmed.

22.     Mr. Gedeus died after sustaining at least ten (10) bullet wounds to his body; three (3) of which were located in his back.

23.     Onlookers expressed serious concern regarding the necessity to shoot an unarmed person so many times when in the area a large amount of police presence was apparent.

24.     Upon information and belief, FLPD failed to train Defendant Morris in how to properly apprehend an individual without the use of deadly force when the individual is not posing a risk of great bodily harm to the Officer or the community at large.

## COUNT I
## EXCESSIVE FORCE IN VIOLATION OF FOURTH AMENDMENT – DUE PROCESS (42 U.S.C § 1983) AS TO DEFENDANT, MORRIS

25.     Plaintiff hereby incorporates paragraphs 1-24 as though fully set forth herein.

26.     This is an action brought against Defendant MORRIS pursuant to the United States Constitution Amendments IV and XIV in violation of 42 U.S.C. § 1983 and §1988.

27.     42 U.S.C. § 1983, in pertinent part, provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

28.     The actions of Defendant MORRIS described above, in initially unjustifiably chasing after Decedent BARRY GEDEUS, and thereafter, discharging his firearm at least ten (10) times with (3) bullets to Decedent BARRY GEDEUS' back, was excessive and shocks the conscience.

29.     In committing the acts complained of herein, Defendant MORRIS acted under color of state law to deprive Decedent BARRY GEDEUS of his clearly established constitutionally protected rights and amount to clear violation of 42 U.S.C. § 1983:

    a.  The right and privilege not to be deprived of his life and liberty without due process and equal protection of the laws;

    b.  The right and privilege to be free from unjustifiable attack upon the physical integrity of his person; and

    c.  The right and privilege to be free from physical abuse, coercion, and intimidation.

30.    The actions of Defendant MORRIS resulted directly and proximately in the deprivation of the aforementioned constitutionally protected rights afforded to Decedent BARRY GEDEUS.

31.    In violating Decedent BARRY GEDEUS' rights as set forth above and other rights that will be proven at trial, Defendant MORRIS acted under color of state law and utilized unnecessary, unjustified, unreasonable, and excessive force.

32.    From the actions of Defendant MORRIS, it can be inferred that Defendant MORRIS acted with the intent to harm Decedent BARRY GEDEUS.

33.    The actions of Defendant MORRIS were not related to any legitimate objective of arrest.

34.    The actions of Defendant MORRIS were not related to any justifiable government interest.

35.    In addition, the actions of Defendant MORRIS constituted an abuse of the power he holds by virtue of his position as a CITY of Fort Lauderdale police officer.

36.    Plaintiff, Tony Syffrad, as Personal Representative of the Estate of BARRY GEDEUS, claims damages on behalf of the Estate of BARRY GEDEUS for the value of decedent's life, including but not limited to the following:

    a.  Loss of past and future support and services with interest;

b.  Loss of earnings and net accumulations to the Estate of Barry Gedeus;

c.  Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

d.  Loss to decedent's survivors of companionship with decedent, and the mental pain and suffering from the past date of injury through the future, as a result of Barry Gedeus' death;

e.  Award reasonable attorneys' fees and costs to Plaintiff on Federal 42 U.S.C. § 1983 Count pursuant to 42 U.S.C. § 1988;

f.  Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Tony Syffrad, as Personal Representative of the Estate of BARRY GEDEUS, deceased, demands judgment against the Defendant, CITY; attorney's fees pursuant to 42 U.S.C. § 1988 and a trial by jury on all triable issues and such further relief that this Court deems just and proper.

## COUNT II
## BATTERY AS TO DEFENDANT, MORRIS

37.     Plaintiff hereby incorporates paragraphs 1-24 as though fully set forth herein.

38.     This is an action brought against Defendant MORRIS for battery pursuant to the laws of the state of Florida.

39.     Defendant MORRIS committed acts intended to cause Decedent BARRY GEDEUS an apprehension of harmful or offensive contact.

40.     The force used by Defendant MORRIS was a harmful and offensive contact.

41.     Decedent BARRY GEDEUS suffered a harmful and offensive contact when he was shot and killed by Defendant MORRIS.

42.     At all times material hereto, Defendant MORRIS was an employee and/or agent of Defendant CITY, and acting within the course and scope of his employment with same, in furtherance of the interest of Defendant CITY and with Defendant CITY's consent.

43.     Defendant MORRIS acted intentionally, in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

44.     As a direct and proximate result of Defendant MORRIS's battery, Decedent BARRY GEDEUS suffered ongoing and permanent damages; namely death.

45.     Plaintiff, Tony Syffrad, as Personal Representative of the Estate of BARRY GEDEUS, claims damages on behalf of the Estate of BARRY GEDEUS as provided by the Florida Wrongful Death Act for the value of decedent's life, including but not limited to the following:

   a.  Adelin S. Syffrard Gedeus, as mother of Barry Gedeus, and Samuel Gedeus, as father of Barry Gedeus, have sustained the following damages:

      i.  Loss of past and future support and services with interest;
      ii.  Mental pain and suffering from the date of injury, and

   b.  The Estate of Barry Gedeus has sustained the following damages:

      i.  Loss of earnings and net accumulations to the Estate of Barry Gedeus;
      ii.  Funeral and burial expenses incurred as a result of the death of Barry Gedeus that have become a charge against his estate or that were paid on his behalf; and

   c.  Each and every other Survivor has sustained the following damages:

      i.  Loss of support and services of their family member; and
      ii.  Mental pain and suffering from the date of injury and continuing for the remainder of their life.

   d.  Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Tony Syffrad, as Personal Representative of the Estate of BARRY GEDEUS, demands damages in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with post judgment interest and costs.

**COUNT III**

**EXCESSIVE FORCE IN VIOLATION OF FOURTH AND FOURTEENTH
AMENDMENTS – DUE PROCESS (42 U.S.C § 1983) AS TO DEFENDANT, CITY OF
FORT LAUDERDALE**

46.     Plaintiff hereby incorporates paragraph 1-24 as though fully set forth herein.

47.     This is an action brought against Defendant CITY upon 42 U.S.C. § 1983. It
authorizes redress for the deprivation of rights, privileges, and immunities caused by actions taken
under color of law. Said rights were secured to Decedent BARRY GEDEUS, by the Constitution
and laws of the United States. This claim for relief is also based upon 42 U.S.C. § 1988. It
authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought
pursuant to 42 U.S.C. § 1983.

48.     The acts committed by Defendant MORRIS as alleged above, create the inference
that a departmental policy of the Defendant CITY exists that condones the use of excessive force.

49.     Prior to March 8, 2020, Defendant CITY developed and maintained customs and
policies and/or a pattern and practice, exhibiting deliberate indifference to the constitutional rights
of persons in the community, including systemic deprivation of Fourth and Fourteenth
Amendment rights, which caused the violation of Plaintiff Decedent BARRY GEDEUS' rights.
The systemic deprivation of rights constituted a widespread pattern that was sufficient to notify
Defendant CITY, and were obvious, flagrant, rampant, and not isolated occurrences.

50.     Defendant CITY maintained a custom and policy and/or pattern and practice of the
use of excessive force, unequal treatment of African Americans, deprivation of due process, of
failing to adequately and properly train, retrain, supervise, discipline officers, of failing to conduct
an independent investigation of its officers' self-reported use of force, and failure to respond to
complaints of police misconduct and officers' use of excessive force.

51.     Defendant CITY has a history of excessive force, unequal treatment of African Americans, and Constitutional rights violations by their officers. Defendant CITY failed to discipline, correct the misconduct, or properly train and/or supervise officers; therefore, exhibiting deliberate indifference to the constitutional rights of persons in the community, specifically, Decedent BARRY GEDEUS whose constitutional rights were violated pursuant to the United States Constitution Amendments IV and XIV, and he was ultimately deprived of his right to life.

52.     Defendant CITY was aware of problems with employees' actions, including Defendant MORRIS, acting under the color of law, use of excessive force, violation of citizens' rights under equal protection, due process of law, and as employer, failed to investigate and/or reprimand such behavior and failed to discharge said officer for his misconduct thereby ratifying said misconduct.

53.     Defendant CITY maintains a policy and custom and/or pattern or practice of failing to properly train its officers, including, but not limited to, how to use appropriate levels of force, how to properly assess levels of threat, the use of de-escalation techniques and the use of non-lethal force, on the equal treatment of African Americans, and on due process of law.

54.     Defendant CITY also maintained a policy and custom and/or pattern or practice of failing to conduct fair and impartial investigations into officer misconduct, use of excessive force, police shooting, and of mistreatment of African American citizens.

55.     The above-mentioned acts of misconduct were ratified, perpetuated, tolerated, and not reprimanded by Defendant CITY. Thus, Defendant CITY did not take adequate actions to discourage constitutional violations perpetrated by its officers. As a result of the policies and customs and/or patterns and practices of Defendant CITY, Defendant CITY fostered an

environment wherein officers believed that their misconduct would not be subject to monitoring by supervisors, would not be subject to proper investigations, and would not lead to any sanction or discipline but would instead be tolerated by Defendant CITY.

56.     It has become a *de facto* policy and custom of the Defendant CITY Police Department to tolerate and condone such acts by police officers.

57.     Although such acts were improper, Defendant, CITY failed to investigate, prosecute, or discipline other prior improper acts, including improper acts of Defendant MORRIS. Such failure to investigate, prosecute, or discipline constitutes deliberate indifference to the constitutional rights of the individuals whom the CITY Police Department were charged with protecting, including individuals who are unarmed fitting a description ubiquitous to that neighborhood and namely, Decedent BARRY GEDEUS.

58.     Although such acts were improper, the Defendant, CITY failed to train CITY Police Department officers regarding proper use of force in encounters with the public as described in the alleged facts above. Such failure to investigate, prosecute, or discipline constitutes deliberate indifference to the constitutional rights of the individuals whom the CITY Police Department were charged with protecting, including individuals who are unarmed fitting a description ubiquitous to that neighborhood and namely, Decedent BARRY GEDEUS.

59.     Accordingly, when excessive force was used against Decedent BARRY GEDEUS by officers of the CITY Police Department, it was condoned and permitted by the Defendant, CITY.

60.     If a police officer knows at the time they act that their illegal conduct will not lead to discipline, then the departmental policy that underlies these actions is the cause of the constitutional violations in question.

61.     Accordingly, the policy of the Defendant, CITY, in permitting and tolerating a pattern and practice of unreasonable and excessive force against members of the public by police officers of the CITY Police Department caused the violation of Decedent BARRY GEDEUS' constitutional rights.

62.     As a direct and proximate result of the previously described acts, omissions, policies and/or customs of the Defendant, CITY, in violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, Decedent BARRY GEDEUS, suffered serious and severe bodily injury, which resulted in his death.

63.     As a direct and proximate result of the tragic and untimely death of Decedent BARRY GEDEUS, the Estate of Barry Gedeus has in the past and will in the future, suffer damage including medical and funeral expenses due to decedent's death.

64.     Plaintiff Tony Syffrad, as Personal Representative of the Estate of Barry Gedeus, claims damages on behalf of the Estate of Barry Gedeus for the value of decedent's life, including but not limited to the following:

    a.   Loss of past and future support and services with interest;

    b.   Loss of earnings and net accumulations to the Estate of Barry Gedeus;

    c.   Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

    d.   Loss of decedent's survivors of companionship with decedent, and the mental pain and suffering from the past date of injury through the future, as a result of Barry Gedeus' death;

    e.   Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Count pursuant to 42 U.S.C. § 1988;

    f.   Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Tony Syffrad, as Personal Representative of the Estate of BARRY GEDEUS, deceased, demands judgment against the Defendant, CITY; attorney's fees pursuant to 42 U.S.C. § 1988 and a trial by jury on all triable issues and such further relief that this Court deems just and proper.

## COUNT IV
## NEGLIGENCE AS TO DEFENDANT, CITY OF FORT LAUDERDALE

65.     Plaintiff hereby incorporates paragraphs 1-24 as though fully set forth herein.

66.     This is an action brought against Defendant CITY pursuant to the Florida Wrongful Death Act for negligence including the negligent decision to use a firearm.

67.     At all times material hereto, Defendant MORRIS was an employee and/or agent of Defendant CITY, and acting within the course and scope of his employment with Defendant CITY, in furtherance of the interest of Defendant CITY, and with Defendant CITY's consent.

68.     At all times material hereto, Defendant MORRIS, while acting within the course and scope of his employment with the Defendant CITY, owed a duty to Decedent BARRY GEDEUS, to operate his firearm and conduct himself in a reasonable manner in his interaction with Decedent BARRY GEDEUS.

69.     On March 8, 2020, Defendant MORRIS created a foreseeable zone of risk Decedent BARRY GEDEUS by approaching Decedent BARRY GEDEUS and unjustifiably drawing his firearm at decedent BARRY GEDEUS.

70.     Defendant MORRIS owed a duty of reasonable care to Decedent BARRY GEDEUS because his actions in striking Decedent BARRY GEDEUS with his patrol vehicle, violently grabbing his bicycle without explanation created a foreseeable zone of risk.

71.     Defendant MORRIS breached his duty of care by discharging his firearm at Decedent BARRY GEDEUS and otherwise conducting himself in a negligent manner, thus directly and proximately causing the Death of decedent BARRY GEDEUS.

72.     The acts complained of herein against decedent BARRY GEDEUS by Defendant MORRIS negligently contributed to the Death of decedent BARRY GEDEUS.

73.     As a direct and proximate result of the negligence of the Defendant, CITY, as herein alleged, resulting in the death of Decedent BARRY GEDEUS, Samuel Gedeus and Adelina Siffrat, parents of Decedent BARRY GEDEUS, and beneficiaries of the Estate of Barry Gedeus have in the past suffered and will, in the future, suffer damages including medical and funeral expenses, due to the decedent's death.

74.     Plaintiff Tony Syffrad, as Personal Representative of the Estate of Barry Gedeus, claims damages on behalf of the Estate of Barry Gedeus, as provided by the Florida Wrongful Death Act, for the value of decedent's life, including but not limited to, the following:

    a.  Adelin S. Syffrard Gedeus, as mother of Barry Gedeus, and Samuel Gedeus, as father of Barry Gedeus, have sustained the following damages:

        i.  Loss of past and future support and services with interest;
       ii.  Mental pain and suffering from the date of injury, and

    b.  The Estate of Barry Gedeus has sustained the following damages:

        i.  Loss of earnings and net accumulations to the Estate of Barry Gedeus;
       ii.  Funeral and burial expenses incurred as a result of the death of Barry Gedeus that have become a charge against his estate or that were paid on his behalf; and

    c.  Each and every other Survivor has sustained the following damages:

        i.  Loss of support and services of their family member; and
       ii.  Mental pain and suffering from the date of injury and continuing for the remainder of their life.

    d.  Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Tony Syffrad, as Personal Representative of the Estate of Barry Gedeus, demands damages in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with post judgment interest and costs.

**COUNT V**
**DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND IN VIOLATION OF 42 U.S.C §1983 AS TO DEFENDANT, CITY OF FORT LAUDERDALE**

75.     Plaintiff hereby incorporates paragraphs 1-24 as though fully set forth herein.

76.     This is an action brought against Defendant CITY pursuant to the Florida Wrongful Death Act for negligence including the failure to train Officer MORRIS.

77.     At all times material hereto, Defendant MORRIS was an employee and/or agent of Defendant CITY, and acting within the course and scope of his employment with Defendant CITY, in furtherance of the interest of Defendant CITY, and with Defendant CITY's consent.

78.     Defendant MORRIS fired his weapon *at least* ten (10) times and killed Decedent BARRY GEDEUS. Defendant MORRIS had no legitimate objective of arresting Mr. Gedeus and Defendant MORRIS did not have a legitimate government interest in accosting Decedent Barry Gedeus.

79.     Defendant MORRIS was on patrol when he received a BOLO via dispatch.

80.     Upon information and belief, Defendant CITY  failed to train Defendant MORRIS in how to properly apprehend an individual without the use of deadly force when the individual is not posing a risk of great bodily harm to the Officer or the community at large.

81.     Upon information and belief, Defendant MORRIS has had previously documented excessive use of force complaints against him.

82.     In 2013, Defendant MORRIS was placed on a Brady list after being investigated for allegations of excessive use of force.

83.     While employed with Defendant CITY, Defendant MORRIS has had approximately 101 Use of Force Reports filed against him – approximately seventy-seven percent (77%) of whom were African American – and thirty-three (33) Citizen Complaints filed against him – approximately eighty-five percent (85%) of whom were African American.

84.     A number of incidents listed in the extensive Internal Affairs ("IA") report of Defendant MORRIS involves Defendant MORRIS deploying his police dog ("K-9"), "Grief", on fleeing suspects, most of whom were unarmed. The report also notes the 2013 incident in which the Broward State Attorney's Office investigated allegations that Defendant MORRIS unnecessarily deployed his K-9 on a handcuffed suspect. Jeffrey Kogan, the then-detective who reported that incident, was ostracized and demoted to road patrol for reporting what he saw, for which he filed a whistleblower suit.[1]

85.     By custom and practice, Defendant CITY has a history of deploying K9s on individuals who are unarmed, accused of a nonviolent crime, and African American.

86.     Specifically, the South Florida Sun-Sentinel uncovered that ninety percent (90%) of people bitten by K9s were African American.[2]

87.     By custom and practice, Defendant CITY does not follow its use of force investigation protocols.

---

[1] (Dan Christensen, Broward Prosecutors vilify BSO detective who alleged misconduct; 'Bloody…not improper', https://www.floridabulldog.org/2014/04/broward-prosecutors-vilify-bso-detective-who-alleged-misconduct-bloody-not-improper/) (last visited October 18, 2021).

[2] (Brittany Wallman, Mario Ariza, Megan O'Matz, Police K-9s are meant to stop dangerous felons. They're more often unleashed on Black people accused of stealing, http://www.sun-sentinel.com/local/broward/fl-ne-police-unleash-k9s-on-black-men-20210609-72eykhou3beedige2kr6nsedbi-htmlstory.html) (last visited October 18, 2021).

88.     Every Fort Lauderdale police officer who uses force during a citizen encounter is required to disclose the use of force for agency review. The disclosure is typically made in the arrest affidavit or offense incident report.

89.     The use of force report discloses the force used as well as the officer's justification for using that force, including the circumstances that necessitated the force.

90.     One purpose of the review policy is to monitor law enforcement officers' use of force against civilians. The review policy exists because the Defendant CITY is fully aware of the need for oversight based on known instances of police excessive use of force against innocent civilians. If law enforcement officers are not supervised and their use of force subject to administrative review, the officers will use force indiscriminately.

91.     By custom and practice, Defendant CITY does not investigate the truth of the matters asserted by its officers in their use of force disclosures.

92.     Agency reviewers do not look to evidence independent of what the officers self-report, even if the evidence is in the form of undisputable body camera footage. Stated differently, the Defendant CITY accepts the version of the facts stated by the police at face value, even when it knows or has reason to believe the statements are false, manufactured, or materially exaggerated.[3]

93.     The failure by the Defendant CITY to conduct independent investigations allows aggressive members of the CITY police force who use excessive force to act unchecked, thus rendering the agency review process meaningless, resulting in endangered civilians.

---

[3] (Rafael Olmeda and Andrew Boryga, Fort Lauderdale's bodycam policy violated basic police practices, experts say, http://www.sun-sentinel.com/local/broward/fort-lauderdale/fl-ne-lauderdale-officer-investigation-folo-20200626-cpkcphohjbbdvbnwgabottugnm-story.html) (last visited October 18, 2021).

94.     This lack of accountability encourages the unlawful use of excessive force by police officers at FLPD.

95.     None of Defendant MORRIS' approximately 101 Use of Force reports filed show that Defendant MORRIS' body camera footage was ever reviewed by the investigative department at FLPD.

96.     The investigative department at FLPD simply took Defendant MORRIS' words at face value despite the frequency and large amount of citizen complaints regarding Defendant MORRIS' conduct with citizens in the community he regularly patrolled.

97.     The failure to independently review Defendant MORRIS' assertions that the force he used during reported encounters was justified, simply allowed his behavior to go unchanged and resulted in countless innocent victims of his excessive force, including Decedent BARRY GEDEUS.

98.     Additionally, the *South Florida Sun-Sentinel* uncovered evidence that independent body camera footage of several of FLPD Officer Steven Pohorence's ("Officer Pohorence") citizen encounters debunked his asserted claims of his justified use of force.[4]

99.     Officer Pohorence, who coincidentally, arrived at the scene of the incident merely nine (9) seconds after Defendant MORRIS and has a known history of unlawful use of force, was never punished for his use of force in those aforementioned incidents because of the Defendant CITY's custom and practice of not independently reviewing the alleged circumstances asserted to be the basis for using force.

---

[4] (Rafael Olmeda and Brooke Baitinger, Videos Show Fort Lauderdale cop pushing his knee into men's necks for arrests, https://www.sun-sentinel.com/local/broward/fort-lauderdale/fl-ne-fort-lauderdale-cop-new-investigation-20200623-6dcvk46ztff6ra3jek6nkkwyfi-story.html) (last visited October 18, 2021).

100.    Defendant MORRIS' prior uses of excessive force against other citizens and disparate treatment of citizens placed Defendant CITY on notice of his propensity to violate the constitutional rights of citizens. Furthermore, Defendant CITY, by and through Fort Lauderdale Police Department, had a custom and policy and/or pattern and practice of violating citizens' constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendant CITY negligently trained and supervised Officer Morris, amounting to a deliberate indifference to the constitutional rights of the citizens of Broward County, including Decedent BARRY GEDEUS.

101.    Defendant CITY's Standard Operating Procedures ("SOP") on body worn camera usage, requires that all sworn staff members below the rank of Lieutenant to use body worn camera ("BWC") while engaged in field activities and all sworn staff, regardless of rank shall utilize BWCs while working off-duty details.

102.    By custom and practice, Defendant CITY allowed its officers to forgo the use of FLPD issued BWC without reprimand.

103.    By custom and practice, Defendant CITY failed to investigate violations of its SOP on BWC.[5]

104.    At the time of the subject incident, Defendant MORRIS failed to activate his FLPD issued BWC, in direct violation of the Defendant CITY SOP for BWC.

105.    Defendant CITY failed to reprimand Defendant MORRIS for failing to use his BWC during the course of his apprehension of Mr. Gedeus.

106.    By custom and practice, Defendant CITY did not follow the SOP for BWC.

---

[5] (Rafael Olmeda and Andrew Boryga, Fort Lauderdale's bodycam policy violated basic police practices, experts say, http://www.sun-sentinel.com/local/broward/fort-lauderdale/fl-ne-lauderdale-officer-investigation-folo-20200626-cpkcphohjbbdvbnwgabottugnm-story.html) (last visited October 18, 2021).

107.     Defendant CITY violated its own policy, namely failure to properly train and supervise its officers, including Defendant MORRIS.

108.     Defendant CITY exhibited a deliberate indifference to the constitutional rights of Broward County citizens, constituting the moving force behind the shooting of Decedent BARRY GEDEUS and actually and proximately causing his death.

109.     Plaintiff Tony Syffrad, as Personal Representative of the Estate of Barry Gedeus, claims damages on behalf of the Estate of Barry Gedeus, as provided by the Florida Wrongful Death Act, for the value of decedent's life, including but not limited to, the following:

     a.   Loss of past and future support and services with interest;

     b.   Loss of earnings and net accumulations to the Estate of Barry Gedeus;

     c.   Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

     d.   Loss of decedent's survivors of companionship with decedent, and the mental pain and suffering from the past date of injury through the future, as a result of Barry Gedeus' death;

     e.   Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Count pursuant to 42 U.S.C. § 1988;

     f.   Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Tony Syffrad, as Personal Representative of the Estate of BARRY GEDEUS, deceased, demands judgment against the Defendant, CITY; attorney's fees pursuant to 42 U.S.C. § 1988 and a trial by jury on all triable issues and such further relief that this Court deems just and proper

## COUNT VI
## BATTERY AS TO DEFENDANT, CITY OF FORT LAUDERDALE

110.     Plaintiff hereby incorporates paragraphs 1-24 as though fully set forth herein.

111.    Defendant MORRIS committed acts intended to cause Decedent BARRY GEDEUS an apprehension of harmful or offensive contact.

112.    The force used by defendant MORRIS was harmful and offensive contact.

113.    Defendant MORRIS was acting in the scope of his employment.

114.    Defendant MORRIS acted intentionally but not in bad faith or malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

115.    Pursuant to Florida Statute 768.28(9), the CITY is vicariously liable.

116.    As a direct and proximate result of Defendant MORRIS's battery, Decedent BARRY GEDEUS suffered damages that ultimately resulted in his death.

117.    At all times material hereto, Defendant CITY, its agents, servants and/or employees, intentionally caused bodily harm/offensive contact to Decedent BARRY GEDEUS by using deadly force against his person, by shooting and killing him.

118.    At all times material hereto, Decedent BARRY GEDEUS did not consent to such bodily harm/offensive contact.

WHEREFORE, Plaintiff TONY SYFFRAD, as Personal Representative of the Estate of BARRY GEDEUS, demands all damages against Defendant MORRIS and Defendant CITY permissible under Florida Statutes § 768.21 known as the "Florida Wrongful Death Act," for injuries suffered by the decedent BARRY GEDEUS as a result of the defendants' tort, including but not limited to loss of support and future loss of support, past and future loss of services, past and future loss of earnings, medical and funeral expenses and for such other relief that this Court may deem appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court award the following

damages, jointly and severally against Defendants, as provided by the Florida Wrongful Death

Act and the Unites States Constitution, including but not limited to the following:

   a.   Award compensatory damages to Plaintiff;

   b.   Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts
        pursuant to 42 U.S.C. §1988;

   c.   Adelin S. Syffrard Gedeus, as mother of Barry Gedeus, and Samuel Gedeus, as
        father of Barry Gedeus, have sustained the following damages:

        i.   Loss of past and future support and services with interest;
        ii.  Mental pain and suffering from the date of injury, and

   d.   The Estate of Barry Gedeus has sustained the following damages:

        iii.  Loss of earnings and net accumulations to the Estate of Barry Gedeus;
        iv.   Funeral and burial expenses incurred as a result of the death of Barry
              Gedeus that have become a charge against his estate or that were paid on
              his behalf; and

   e.   Each and every other Survivor has sustained the following damages:

        v.   Loss of support and services of their family member; and
        vi.  Mental pain and suffering from the date of injury and continuing for the
             remainder of their life.

   f.   Any and all other and further relief as this Court may deem appropriate.


[SPACE INTENTIONALLY LEFT BLANK]

## <u>TRIAL BY JURY</u>

WHEREFORE, Plaintiff **TONY SYFFRAD**, as Personal Representative of the Estate of

**BARRY GEDEUS**, deceased, hereby demands a trial by jury on all issues so triable.

DATED this 3rd day of January, 2022.


*Respectfully submitted,*

FRIEDLAND & ASSOCIATES, P.A.
Attorneys for Plaintiff
707 NE 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33304
954 321-8810; 954 321-8995 (facsimile)
greeny@yourfightourbattle.com
pleadings@yourfightourbattle.com


By: /s/ *Lee Friedland*_____
Lee Friedland, Esquire
FLA. BAR NO.: 991163
Greeny Valbuena, Esquire
FLA. BAR NO.: 1018239

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail or by electronic mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

FRIEDLAND & ASSOCIATES, P.A.
Attorneys for Plaintiff
707 NE 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33304
954 321-8810; 954 321-8995 (facsimile)
greeny@yourfightourbattle.com
pleadings@yourfightourbattle.com

By: /s/ Lee Friedland_____
Lee Friedland, Esquire
FLA. BAR NO.: 991163
Greeny Valbuena, Esquire
FLA. BAR NO.: 1018239