UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62187-CIV-DIMITROULEAS

TONY SYFFRAD, as Personal Representative
of the Estate of BARRY GEDEUS,

    Plaintiff,

vs.

CITY OF FORT LAUDERDALE, and
ROBERT MORRIS, in his individual capacity,

    Defendants.

_____/

## ORDER ON THE CITY'S MOTION TO DISMISS
## PLAINTIFF'S THIRD AMENDED COMPLAINT

THIS CAUSE is before the Court upon Defendant City of Fort Lauderdale ("Defendant" or "City")'s Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion") [DE 50], filed herein on July 14, 2022. The Court has carefully considered the Motion [DE 50], Plaintiff's Response in Opposition [DE 51], and Defendant's Reply [DE 52]. The Court is otherwise fully advised in the premises.

**I.    BACKGROUND**

The background of this case is recited in the Court's previous Order on Defendant's Motion to Dismiss. *See* [DE 39] at 1–3. The Court incorporates that Order herein and assumes the reader's familiarity therewith.

On October 21, 2021, Plaintiff brought a six-count Complaint against Defendants, which Plaintiff amended on January 3, 2022, following the Court's ruling on Defendant Morris's Motion to Dismiss. *See* [DE's 1, 10, 12].

1

After Plaintiff filed an Amended Complaint on January 3, 2022, Defendant City filed a Motion to Dismiss, seeking dismissal of the counts brought against it for failure to state a claim. *See* [DE's 12, 14]. On April 14, 2022, the Court granted in part and denied in part the City's Motion to Dismiss, dismissing the following claims against the City, without prejudice and with leave to amend: Count III for Excessive Force pursuant to 42 U.S.C. § 1983; Count IV for Negligence; and Count V for Deliberately Indifferent Policies, Practices, Customs, Training and Supervision pursuant to 42 U.S.C. §1983. *See* [DE 39] at 14–15.

Plaintiff filed his Second Amended Complaint on April 26, 2022. *See* [DE 41]. Defendant City filed another Motion to Dismiss, seeking dismissal of Count III (Excessive Force in Violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983) and Count IV (Negligent Training and/or Supervision) for failure to state a claim. *See* [DE 43]. On June 16, 2022, the Court granted in part and denied in part the City's Motion to Dismiss, dismissing Counts III and IV without prejudice and with leave to amend. *See* [DE 47]. The Court found that Plaintiff, while reciting the necessary elements for a section 1983 claim, failed to plead factual allegations as to these elements. *See id.* at 5–10. The Court pointed to a lack of factual allegations as to a widespread policy or custom, and to the insufficiency of the allegations regarding body-worn cameras ("BWC") and other prior incidents involving Morris. *Id.* As to the negligent training claim, the Court found that Plaintiff failed to state a claim because Plaintiff's allegations challenged a discretionary governmental function immune from tort liability. *See id.* at 10–12. The Court also found that Plaintiff failed to identify a training policy and "specifically how" the City was negligent in implementing it. *Id.*

Plaintiff filed his Third Amended Complaint on June 30, 2022. *See* [DE 48]. The City, by the instant Motion, seeks dismissal of Count III (Excessive Force in Violation of the Fourth

Amendment pursuant to 42 U.S.C. § 1983) and Count IV (Negligent Training) for failure to state a claim. *See* [DE 50]. The City also urges the Court to decline to exercise supplemental jurisdiction over the remaining state law Battery Claim (Count V), or, alternatively grant an extension of time for the City to file a responsive pleading. [DE 50] at 16.

## II.     STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).  When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).  In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal

3

evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

By its Motion to Dismiss, the City challenges Counts III, IV, and V of the Third Amended Complaint. The Court will now address the sufficiency of each claim.

#### A. Count III: 42 U.S.C. § 1983

In Count III, Plaintiff asserts a section 1983 excessive force claim against the City. Municipalities and other local government units are included in the group of persons to whom 42 U.S.C. § 1983 applies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To impose section 1983 liability on a municipality, a plaintiff must allege: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). A municipality is liable for § 1983 violations only when its policies are the moving force behind the violations. *Monell*, 436 U.S. at 694.

A municipal actor's liability under section 1983 may not be based on the doctrine of respondeat superior; rather, the plaintiff must identify a municipal policy or custom that caused the alleged injury. *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). A plaintiff may accomplish this by showing either that the municipality had an officially promulgated policy of permitting the alleged constitutional violation or that it had an unofficial custom or practice that was the moving force behind the constitutional violation. *Id.* at 1329 (citing *Monell*, 436 U.S. at 658, 690–91, 694). A single instance of unconstitutional behavior cannot alone establish proof of the policy itself. *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1311

(11th Cir. 2011).

"To prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (citations and quotations omitted). A constitutional deprivation pursuant to a custom may serve as the basis for a section 1983 claim "even though such a custom has not received formal approval[.]" *Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1326 (S.D. Fla. 2018). "Municipal policy or custom may include a failure to provide adequate training if the deficiency 'evidences a deliberate indifference to the rights of its inhabitants.'" *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). To establish "'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). "[S]howing merely that additional training would have been helpful in making difficult decisions does not establish municipal liability." *Connick v. Thompson*, 563 U.S. 51, 68 (2011). "[A] persistent failure to take disciplinary action against officers can give rise to the inference that a municipality has ratified conduct, thereby establishing a 'custom' within the meaning of *Monell*." *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Church v. City of Huntsville,* 30 F.3d 1332, 1345 (11th Cir. 1994) ("A municipality's failure to correct the constitutionally offensive actions of its police department may rise to the level of a 'custom or policy' if the municipality tacitly authorizes these actions or displays deliberate indifference toward the police misconduct.") (citation omitted).

In Count III, Plaintiff alleges that the "City has a *de facto* policy, practice and/or custom of concealing and/or suppressing officer misconduct including the use of unlawful force," "of deficient and biased procedures for investigating complaints of excessive force against on-duty officers," "of failing to maintain accurate and complete records of complaints and investigations of misconduct," "of failing to turn over and disclose complete records of complaints and investigations of misconduct," and of an overall "'code of silence.'" TAC ¶¶ 88–92. In support of Plaintiff's theory of causation and liability, Plaintiff details a series of alleged misconduct by Officer Morris, followed by effective inaction by the City. TAC ¶ 24. Paragraph 24 recounts seventeen separate incidents involving Morris's alleged unlawful use of force between 2008 and 2019, including but not limited to: allegations that Morris was not disciplined after having shot and killed a driver after Morris saw what he believed to be a firearm in the driver's hand during a traffic stop in January 2008, TAC ¶ 24a; allegations that the FLPD Internal Affairs Department failed to investigate an arrest in July 2010 for which a citizen wished to file a citizen complaint against Morris despite being aware that the citizen was charged with resisting with violence and battery on a law enforcement officer, and despite the fact that Morris failed to report any use of force related to the incident, TAC ¶ 24k; allegations that the FLPD Internal Affairs Department failed to follow up and/or investigate Morris's use of excessive force during a May 2011 citizen's arrest despite a citizen complaint filed against Morris for use of excessive force, TAC ¶ 24l; allegations that Morris unnecessarily deployed his K-9 on a handcuffed citizen in April 2013, an incident that allegedly led to the demotion of a Broward Sheriff Office Detective after he reported what he saw, for which he filed a whistleblower lawsuit, TAC ¶ 24m; allegations that Morris was not disciplined after kicking a suspect in the face who was already in a hobble restraint with his stomach on the ground in August 2018, TAC ¶ 24p; and allegations that Morris

was never investigated nor his body-worn camera ("BWC") reviewed after allegedly using excessive force against an individual by kicking him in the torso area, for which the individual was transported to the hospital for a possible collapsed lung, TAC ¶ 24q. Plaintiff further alleges that the City acted in a manner consistent with its unofficial policy or custom "when it chose not to discipline or investigate Officer Morris for the constitutional violations committed against Plaintiff and others," including by failing "to conduct proper administrative investigations into Defendant Morris" and by failing "to properly investigate and/or discipline Defendant Morris" both before and after Plaintiff's death. TAC ¶¶ 96–97. Plaintiff alleges that the City "knew its officers, including Defendant Morris, were using excessive force against Fort Lauderdale civilians and residents" and that "[i]t took no actions to train or discipline its police officers to avoid the constitutional violations . . . ." TAC ¶ 98.

When reading Plaintiff's new allegations in conjunction with the whole complaint, it is apparent that Plaintiff's theory of liability centers on the City's persistent failure to investigate, discipline, or train Morris. In other words, although there is no formal policy allowing officers to use excessive force, the City's decision not to investigate, train, or discipline Morris in the face of numerous instances of excessive force over a period of years rises to the level of an unofficial custom or policy. *See Pellegrino v. Wengert*, No. 15-CIV-60535, 2015 WL 4065376, at *6 (S.D. Fla. July 2, 2015) (noting that the subject complaint sufficiently pled section 1983 liability where it detailed at least six separate incidents involving the subject officer's alleged inappropriate conduct and use of excessive force, including to what extent such claims were investigated by the BSO); *Rivas v. Figueroa*, No. 11-23195-CIV, 2012 WL 1378161, at *3 (S.D. Fla. Apr. 20, 2012).

The City argues that examples of prior incidences alleged by Plaintiff are not similar enough to the facts of the instant case to establish a pattern of deliberate indifference. However, prior incidences need not be "precisely identical" to the facts of a plaintiff's case; rather, they must be "similar enough to make out a claim that [the defendant] has adopted a wide-spread practice of permitting its officers to use excessive force." *See Rivas*, 2012 WL 1378161, at *3. Though isolated incidents are not sufficient to establish a custom or policy, "several incidents involving the use of unreasonable and excessive force by police officers" can give rise to municipal liability under section 1983. *Depew v. City of St. Marys, Ga.,* 787 F.2d 1496, 1497–99 (11th Cir. 1986) (upholding a jury's verdict holding a municipality liable for section 1983 violations based on four prior incidences of officer misconduct). The Court finds that numerous of the incidents alleged by Plaintiff are similar enough to allege that the City adopted an unofficial custom or policy of acquiescing in the use of excessive force, particularly with respect to Morris himself.

The City also contends that Plaintiff cannot state a claim for section 1983 liability because none of the allegations suggest that force used by Morris in the prior incidences was excessive or that any complaints of excessive force had merit. But accepting the City's arguments regarding the details Plaintiff fails to allege would require the Court to construe in the Third Amended Complaint in a light most favorable to the City, not Plaintiff. To be clear, the Court agrees with the City that several of the incidents, as alleged, appear to involve use of force that may have been provoked or even justified. *See, e.g.*, TAC ¶¶ 24h, 24i, 24j. At this juncture, however, Plaintiff has alleged enough facts from which one could plausibly infer that Morris used excessive force in a sufficient number of other incidents, which is all that *Twombly/Iqbal*

8

requires. Whether Plaintiff will be able to prove such facts is an issue better addressed after the completion of discovery.

Accepting Plaintiff's allegations as true and drawing all reasonable inferences in favor of Plaintiff, Plaintiff has sufficiently pled a basis for Section 1983 liability against the City. Therefore, the City's motion to dismiss Count III is denied.

**B.   Count IV: Negligent Training**

Count IV alleges a claim for negligent training against the City. Negligent training occurs when an employer "was negligent in the implementation or operation of the training program" and this negligence caused a plaintiff's injury. *Doe v. NCL (Bahamas) Ltd.*, No. 1:16-CV-23733-UU, 2016 WL 6330587, at *4 (S.D. Fla. Oct. 27, 2016) (quoting *Cruz v. Advance Stores Co.*, 842 F. Supp. 2d 1356, 1359 (S.D. Fla. 2012)). Under Florida law, a governmental entity is immune from tort liability in negligent training actions involving its discretionary functions. *Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1117 (11th Cir. 2005). A discretionary function is "an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning." *Kaiser v. Kolb*, 543 S.2d 732, 737 (Fla. 1989) (citation omitted). "An operational function, on the other hand, is one not necessary to or inherent in policy of planning, that merely reflects a secondary decision as to how those policies or plans will be implemented." *Doe v. Miami-Dade Cnty.*, No. 06-22816-CIV, 2008 WL 11495050, at *2 (S.D. Fla. Feb. 29, 2008).

The Court previously dismissed Plaintiff's negligent training claim without prejudice because it appeared to challenge the content of the City's training program, rather than the way in which an existing program was implemented. The Court explained that the City's decision "regarding how to train its officers and what subject matter to include in the training" is a

"discretionary governmental function[] immune from tort liability." *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1266 (11th Cir. 2001). The Court noted that to the extent that Plaintiff was attempting to challenge an operational function, Plaintiff's allegations were insufficient because Plaintiff failed to identify a training program and how the City's practices led to the negligent implementation of that training.

In the instant motion to dismiss, the City argues that Count IV should be dismissed because Plaintiff has failed to cure these deficiencies. Specifically, the City argues that Plaintiff's allegations are sparse, often conclusory, and challenge a discretionary, decision-making function of the City that is immune from tort liability. In his response, Plaintiff argues that he "certainly identifies several existing training policies whereby the City breached its duty by failing to provide adequate training to Defendant Morris[.]" [DE 51] at 10. Tellingly, Plaintiff provides no citation to his complaint to support this argument. Despite the Court's repeated warnings that Plaintiff may not amend a complaint with a response to a motion to dismiss, Plaintiff attempts to rectify this deficiency with new, unpled allegations raised in for the first time in his response. [DE 39] at 9–10; [DE 47] at 8. The Court will not consider these allegations as they were not pled in the Third Amended Complaint. *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044-CIV-MARRA, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007). The Court now turns to the allegations in Count IV.

First, Count IV includes a bulleted list alleging various broad, conclusory ways in which the City "breached its duty by failing to provide adequate training and by failing to adhere to its agency review procedures." TAC ¶ 108. These allegations were included in the Second Amended Complaint and suffer from the same deficiencies as those previously addressed by the Court. *See* [DE 47] at 10–12.

Next, Plaintiff alleges that the City failed "to provide adequate training in the proper use and activation of BWC despite its purpose to monitor police officers . . . ." and failed "to provide adequate training relative to the amount of force needed to apprehend an unarmed civilian." TAC ¶¶ 110, 113. Once again, these allegations are impermissibly conclusory under *Twombly/Iqbal* because they fail to identify an existing training program or policy and explain how the City was negligent in implementing it. *Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1269 (S.D. Fla. 2015); *Simmons v. Fla. Dep't of Corr.*, No. 5:14-cv-438, 2015 WL 3454274, at *8 (M.D. Fla. May 29, 2015) (finding negligent training claim inadequate where the plaintiff "fail[ed] to allege the existence of any training program or policy, let alone how that training program or policy will or should be implemented").

Further, Plaintiff's background facts suggest that the allegations regarding use of force or the amount of force refer to the content of the City's training (or lack thereof), not its implementation or operation. *See, e.g.*, TAC ¶¶ 43, 60 ("Upon information and belief, FLPD failed to adequately train Defendant Morris in how to properly apprehend an individual without the use of force when the individual is not posing a risk of great bodily harm to the Officer or the community at large, and who is unarmed."). While Plaintiff does identify a policy regarding when staff must operate BWCs, *see* TAC ¶ 25, nowhere does Plaintiff allege specific facts regarding a training policy as it relates to BWCs, making it entirely unclear if such a policy even exists. Plaintiff makes similarly vague assertions in his response, contending that the City "was negligent in implementing *any* training program relative to Defendant Morris . . . ." [DE 51] at 12 (emphasis added). But decisions regarding whether to train and what to include in training generally are precisely the kinds of discretionary decisions immune from suit. *Lewis*, 260 F.3d at 1266. Accordingly, the City's motion to dismiss Count IV is due to be granted.

As Plaintiff has failed to state a viable negligent training claim after two attempts[1] and has otherwise failed to overcome the deficiencies that resulted in the Court's dismissal of the original negligent training claim, it appears that amendment would be futile. Therefore, the dismissal is with prejudice.

### C. Count V: Battery

Finally, the City requests that the Court decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c)(3) over Plaintiff's state law battery claim if the Court dismisses Plaintiff's federal claim against the City. Because the Court finds that Plaintiff has sufficiently pled a section 1983 claim against the City, the Court denies the City's request.[2]

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss [DE 50] is **GRANTED IN PART AND DENIED IN PART** as set forth herein. Plaintiff's request for oral argument is **DENIED**.

2. Count IV is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Rule 12(b)(6). Counts III and V may proceed.

3. Defendant City shall file its answer to the remaining counts of the Third Amended Complaint on or before **October 28, 2022**.

---

[1] Prior to his negligent training claim, Plaintiff also attempted to allege a general negligence claim against the City, which the Court dismissed on April 11, 2022. *See* [DE 39].

[2] Even if the Court had dismissed Plaintiff's section 1983 claim against the City, the Court notes that Plaintiff's section 1983 claim against Morris is still proceeding. Pursuant to 28 U.S.C. §1367(c)(3), court may decline the exercise of supplemental jurisdiction over related state-law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Thus, dismissal of Plaintiff's section 1983 claim against the City would not necessarily mean that the Court lacks original jurisdiction. This is because supplemental jurisdiction is exercised over claims, not parties. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.1 (3d ed.).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of October 2022.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record